**FILED**

**JANUARY 7, 2008**
MICHAEL W. DOBBINS
CLERK, U.S. DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

**08 C 96**

Kevin Middaugh
12 Glenhaven road
Glenolden, PA 19036

     Plaintiff,

v.

NCO Financial Systems, Inc.
c/o CT Corporation System, Registered Agent
208 S. LaSalle Street, Suite 814
Chicago, IL 60604

     Defendant.

CASE NO.:

JUDGE:

**JUDGE GETTLEMAN**
**MAGISTRATE JUDGE ASHMAN**

**COMPLAINT FOR DAMAGES
UNDER THE FAIR DEBT
COLLECTION PRACTICES ACT,
INVASION OF PRIVACY,
AND OTHER EQUITABLE RELIEF**

**JURY DEMAND ENDORSED HEREIN**

## JURISDICTION AND VENUE

1.  Jurisdiction is founded on 28 U.S.C. §1331 pursuant to the Fair Debt Collection

    Practices Act (FDCPA), 15 U.S.C. §1692.  Venue is proper in this district because

    this is the judicial district where all of the events giving rise to the cause of action

    took place.

## FACTS COMMON TO ALL COUNTS

2.  The Plaintiff is a person who incurred a consumer debt primarily for personal, family

    or household purposes.

3.  Defendant is a corporation doing business primarily as a consumer debt collector.

4.  Defendant is a debt collector as defined by the FDCPA, 15 U.S.C. §1692a(6).

5.  The Plaintiff is a "consumer" as defined by 15 U.S.C. §1692a(3).

6.  The debt in question qualifies as a "debt" as defined by 15 U.S.C. §1692a(5).

7. Defendant is either the holder of the debt or was retained by the current holder to collect the debt.

8. On or around July 23, 2007, Defendant telephoned Plaintiff's residence and spoke to Plaintiff's mother ("Mother").

9. During this communication, Defendant disclosed Plaintiff's debt and stated that Defendant would obtain a judgment against Plaintiff in Delaware County, Pennsylvania.

10. On or around July 23, 2007, Defendant telephoned Plaintiff's cellular phone and threatened that there would be a judgment against Plaintiff's social security number in Delaware County, Pennsylvania if Plaintiff did not pay the debt.

11. On or around July 24, 2007, Defendant telephoned Plaintiff's residence and again spoke to Plaintiff's mother.

12. During this communication, Defendant asked Mother to help Plaintiff pay the debt.

13. During this communication, Defendant told Mother that Plaintiff had informed Defendant of Plaintiff's intention to ask Mother for $5000.

14. Plaintiff never told Defendant that Plaintiff would ask Mother for $5000.

15. On or around July 26, 2007, Defendant telephoned Mother and again discussed payment of Plaintiff's debt.

16. By the end of this communication, Mother was in tears.

17. Plaintiff is emotionally distraught and has been compelled to hire counsel to prosecute this action.

18. Defendant has damaged Plaintiff emotionally and mentally and has caused substantial anxiety and stress.

19. Defendant violated the FDCPA.

## COUNT ONE

### Violation of the Fair Debt Collections Practices Act

20. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

21. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and disclosed the existence, nature and/or amount of the debt.

## COUNT TWO

### Violation of the Fair Debt Collections Practices Act

22. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

23. The Defendant violated 15 U.S.C. §1692c in that it contacted a third party and failed to comply with 15 U.S.C. §1692b.

## COUNT THREE

### Violation of the Fair Debt Collections Practices Act

24. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

25. The Defendant violated 15 U.S.C. §1692f in that its actions were unfair and/or unconscionable means to collect a debt.

## COUNT FOUR

### Violation of the Fair Debt Collections Practices Act

26. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

27. The Defendant violated 15 U.S.C. §1692e, generally, by having non-attorneys overtly state that they could control the decision to litigate and the timing and scope of the litigation, when in fact this would be an attorney decision.

## COUNT FIVE

### Violation of the Fair Debt Collections Practices Act

28. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

29. The Defendant violated 15 U.S.C. §1692e in that it threatened legal action where such action was not contemplated, and stated for the sole purpose of terrifying the Plaintiff.

## COUNT SIX

### Violation of the Fair Debt Collections Practices Act

30. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

31. The Defendant violated 15 U.S.C. §1692e by making misrepresentations during its conversations with Plaintiff.

## COUNT SEVEN

### Invasion of Privacy by Intrusion upon Seclusion

32. Plaintiff incorporates each of the preceding allegations as if specifically stated herein.

33. Defendant intentionally interfered, physically or otherwise, with the solitude, seclusion, and or private concerns or affairs of the Plaintiff.

34. Defendant intentionally caused harm to the Plaintiff's emotional well being by engaging in highly offensive conduct in the course of collecting a debt, as described herein.

35. Plaintiff has a reasonable expectation of privacy in Plaintiff's solitude, seclusion, and or private concerns or affairs.

36. The intrusion by Defendant occurred in a way that would be highly offensive to a reasonable person in that position.

37. As a result of such invasions of privacy, Plaintiff is entitled to actual damages in an amount to be determined at trial from Defendant.

## JURY DEMAND

38. Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

39. Plaintiff prays for the following relief:

a.   Judgment against Defendant for actual damages, statutory damages

pursuant to 15 U.S.C. §1692k and costs, and reasonable attorney's fees

pursuant to 15 U.S.C. §1692k.

b.   Judgment, in an amount to be determined at trial, against Defendant for

the Invasion of Privacy by Intrusion upon Seclusion.

c.   For such other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

Legal Helpers, P.C.

By:____/s/ Jeffrey S. Hyslip_____
      Jeffrey S. Hyslip
      Attorney for Plaintiff
      20 W. Kinzie Street, Suite 1300
      Chicago, IL 60610
      Telephone:  866-339-1156
      Email:  jsh@legalhelpers.com